# Court of Appeals
# of the State of Georgia

ATLANTA,  April 21, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1540. REGINALD CHARLES HARVEY v. U.S. NATURE-INVEST HOLDINGS, LLC.

In September 2024, plaintiff U.S. Nature-Invest Holdings, LLC filed a complaint for declaratory relief and damages, alleging that Reginald Charles Harvey, without cause, filed a "Preliminary Notice of Lien" and a "Full Deed of Conveyance" against the plaintiff's real property. In January 2025, the trial court entered an order granting the plaintiff's claim for declaratory relief, and reserving the damages claims. Harvey filed a motion for reconsideration, which the trial court denied on February 25, 2025.

On September 11, 2025, the trial court granted the plaintiff's motion to dismiss without prejudice its remaining damages claims, and denied Harvey's motion for summary judgment. Harvey subsequently filed multiple motions, asking the trial court to set aside the judgment, stay the proceedings, and compel arbitration. The trial court denied the motions in November 2025. Thereafter, Harvey filed more motions making the same requests, along with requests for the appointment of a special master, and for summary judgment. On February 6, 2026, the trial court entered an order denying all the motions. And on March 16, 2026, Harvey filed a notice of appeal. We, however, lack jurisdiction.

Pretermitting whether Harvey is entitled to a direct appeal, his notice of appeal was untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this

Court. *Ebeling v. State*, 355 Ga. App. 469, 469 (844 SE2d 518) (2020). Because Harvey's notice of appeal was filed 38 days after entry of the trial court's order, it is untimely.[1] Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  04/21/2026

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] In February 2026, Harvey also filed a request for a certificate of immediate review of the February 25, 2025 order denying his motion for reconsideration, which the trial court dismissed on March 2, 2026, because the time to seek review of the order had expired. See OCGA § 5-6-34(b) (a certificate of immediate review must be filed within ten days of the entry of the order). Although the notice of appeal is timely as to this order, the denial or dismissal of a request for a certificate of immediate review is not subject to a direct appeal. *Price v. State*, 237 Ga. 352, 352–53(2) (227 SE2d 368) (1976).